UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Country Inn & Suites by Radisson, Inc.,

       Plaintiff,

v.

                                     Case No. 19-cv-1485 (JNE/LIB)
                                     ORDER

Alexandria Motels, Inc., Lake Country
Motels, LLC, Vibha Patel, and Jaimini Patel,

       Defendants.

Country Inn & Suites by Radisson, Inc. ("Country Inn"), a franchisor of a hotel system, alleged that it entered into a license agreement with Alexandria Motels, Inc., a corporate guarantee of the license agreement with Lake Country Motels, LLC, and personal guarantees of the license agreement with Vibha Patel and Jaimini Patel in 2012.[1] Several years later, Country Inn gave notice of default under the license agreement to Alexandria Motels.  In 2019, the license agreement was terminated.  Claiming that Alexandria Motels breached the license agreement, that the other defendants breached the guarantees, and that the defendants continued to use Country Inn's marks after the license agreement's termination, Country Inn brought this action for breach of the agreements and violations of the Lanham Act and common law.  The case is before the Court on Country Inn's Motion for Summary Judgment.  For the reasons set forth below, the Court dismisses the action without prejudice.

---

[1]     Jaimini Patel claimed that she did not execute a personal guarantee.  Based on a stipulation executed by Country Inn and Jaimini Patel, the Court dismissed the claims against her without prejudice in late 2020.

Country Inn's Complaint contains six counts: Count I—Breach of license agreement and guarantees—Failure to pay fees; Count II—Breach of license agreement and guarantees—Failure to pay lost future profits; Count III—Breach of license agreement and guarantees—Failure to comply with post-termination obligations; Count IV—Federal trademark infringement; Count V—False designation of origin/federal unfair competition; and Count VI—Breach of license agreement and guarantees—Attorneys' fees. Country Inn asserted that "[t]his Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a), 1121, and 28 U.S.C. §§ 1331, 1338 and 1367 (relating to supplemental jurisdiction)." (Compl. ¶ 11)

In its Motion for Summary Judgment, Country Inn asserted that it "is voluntarily dismissing without prejudice its claims for trademark infringement (Count IV) and false designation of origin/federal unfair competition (Count V)." It sought "judgment only on [its] breach of contract and attorneys' fees claims (Counts I-III and VI)." Country Inn's proposed order includes a dismissal of Counts IV and V without prejudice. Opposing Country Inn's motion, Alexandria Motels, Lake Country Motels, and Vibha Patel stated that Country Inn "has now voluntarily dismissed or declined to pursue its claims under the Lanham Act." In its reply, Country Inn explained that it "dismissed its Lanham Act claims, in part, because Defendants ceased their use of [its] proprietary trademarks and service marks, but only *after* [it] filed the Complaint in this case."

Country Inn did not identify the basis of its "voluntary dismissal" of Counts IV and V. No stipulation of dismissal was filed. No request for a dismissal on terms was

made.[2]  And no amendment to the Complaint was proposed.  Nevertheless, Country Inn, Alexandria Motels, Lake Country Motels, and Vibha Patel apparently agree that Country Inn's federal claims have been, or will be, dismissed.  *Cf.* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute).

Country Inn's "voluntary dismissal" of Counts IV and V gives rise to either an obligation to dismiss the action for lack of subject-matter jurisdiction, *see Rockwell International Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007); *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 395 (6th Cir. 1979), or an option to decline to exercise supplemental jurisdiction over the remaining claims, *see* 28 U.S.C. § 1367(c)(3); *cf. id.* § 1367(c)(2) (allowing a district court to decline to exercise supplemental jurisdiction over a claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction").  If the Court may exercise supplemental jurisdiction over Country Inn's claims for breach of the agreements, Country Inn made no argument for it.  The Court discerns no reason to exercise supplemental jurisdiction over the claims.  *See Zubrod v. Hoch*, 907 F.3d 568, 580-81 (8th Cir. 2018).  The Court dismisses this action without prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    The Clerk of Court shall terminate Docket No. 78.

---

[2]    Rule 41(a) of the Federal Rules of Civil Procedure addresses the dismissal of "an action."

2.     This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 26, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge